UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO ALEX ABILA,<br><br>        Petitioner,<br><br>    v.<br><br>P. COVELLO,<br><br>        Respondent. | No.  2: 22-cv-0264 KJN P<br><br><br>ORDER |

      Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner paid the filing fee.

      The petition raises two claims:  1) the trial court imposed an illegal enhancement; and 2) the lawyer who represented petitioner during resentencing had a conflict of interest.  Petitioner appears to contend that he raised both claims in a habeas corpus petition filed in the California Supreme Court.  Petitioner alleges that he has two habeas corpus petitions pending in state court raising additional claims.

      The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Two procedures are available to a habeas petitioner who wishes to stay a federal petition while exhausting unexhausted claims in state court — one provided for by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002) and the other by Rhines v. Weber, 544 U.S. 269 (2005). King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

The Rhines stay procedure may be applied either to petitions which contain only unexhausted claims or to petitions that are "mixed" — that is, petitions containing both exhausted and unexhausted claims. Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). Under Rhines, the district court stays the petition in its entirety, without requiring dismissal of any unexhausted claims, while the petitioner attempts to exhaust them in state court. King v. Ryan, 564 F.3d at 1138-41. Regardless of whether the petition is fully unexhausted or "mixed," a Rhines stay is available only where: (1) good cause is shown for petitioner's failure to have exhausted all claims in state court prior to filing the federal petition; (2) the unexhausted claim or claims potentially have merit; and (3) there is no indication that petitioner has intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78; see Jackson v. Roe, 425 F.3d 654, 660-61 (9th Cir. 2005).

The Kelly stay procedure is used with mixed petitions. When it is implemented, the following occurs: (1) the petitioner amends the mixed petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, which, in turn, provides the petitioner with the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly exhausted claims to the original petition. See King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71).

Under the Kelly stay procedure, if the one-year statute of limitations period has expired by the time the petitioner returns to federal court, new claims may be amended into a pending federal habeas petition only if they share a common core of operative facts with the claims in the pending federal habeas petition. See Mayle v. Felix, 545 U.S. 644, 659 (2005). "A new claim does not

'relate back' to the filing of an exhausted petition simply because it arises from 'the same trial, conviction, or sentence.'" King, 564 F.3d at 1141 (quoting Mayle, 545 U.S. at 662-64). In other words, unlike the Rhines procedure, the Kelly procedure "does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King, 564 F.3d at 1141.

Accordingly, IT IS HEREBY ORDERED that petitioner is granted thirty days to inform the court whether he intends to proceed on his two exhausted claims only or requests a stay of this action in order to exhaust his unexhausted claims. If petitioner requests a stay of this action, petitioner shall file a motion to stay pursuant to Rhines or Kelly within thirty days of the date of this order. If petitioner requests a stay pursuant to Rhines, he shall file an amended petition containing both his exhausted and unexhausted claims.

Dated: March 22, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Abila264.ord