UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO ALEX ABILA, | No. 2: 22-cv-0264 KJN P |
| Petitioner, | |
| v. | ORDER |
| P. COVELLO, | |
| Respondent. | |

    Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, petitioner's motion to stay is denied without prejudice to filing a renewed motion to stay.

    The petition raises two claims:  1) the trial court imposed an illegal enhancement; and 2) the lawyer who represented petitioner during resentencing had a conflict of interest.  (ECF No. 1.) Petitioner appears to claim that both of these claims are exhausted because they were presented in a habeas corpus petition filed in the California Supreme Court.  (Id.)  Petitioner also alleges that he has two habeas corpus petitions pending in the San Joaquin County Superior Court raising additional claims.  (Id.)

    On March 22, 2022, the undersigned granted petitioner thirty days to inform the court whether he intended to proceed on his two exhausted claims only or if he requested a stay in order to exhaust the unexhausted claims raised in the habeas corpus petitions pending in the San

1

Joaquin County Superior Court.  (ECF No. 3.)   In the March 22, 2020 order, the undersigned set forth the standards for stays pursuant to Rhines v. Weber, 544 U.S. 269 (2005), and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002).  (Id.)  A stay pursuant to Rhines is available only where (1) good cause is shown for petitioner's failure to have exhausted all claims in state court prior to filing the federal petition; (2) the unexhausted claim or claims potentially have merit; and (3) there is no indication that petitioner has intentionally delayed pursuing the litigation.  (Id.)  In the March 22, 2022 order, the undersigned advised petitioner that if he sought a stay pursuant to Rhines, he shall file an amended petition containing both his exhausted and unexhausted claims within thirty days.  (Id.)

In response to the March 22, 2022 order, petitioner filed a motion to stay this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  (ECF No. 4.)  In the motion to stay, petitioner did not address the three factors set forth above required for a stay pursuant to Rhines.  Petitioner also failed to file an amended petition raising all exhausted and unexhausted claims.  For these reasons, petitioner's motion to stay is denied without prejudice.  Petitioner is granted thirty days from the date of this order to file a renewed motion to stay addressing the three Rhines factors set forth above.  Within that time, petitioner shall also file an amended petition raising all of his exhausted and unexhausted claims.

In the motion to stay, petitioner contends that he has a habeas corpus petition pending in the California Court of Appeal, no. C095665, raising all of his unexhausted claims.  (Id.)  The undersigned observes that records from California Court of Appeal case no. C095665 indicate that on June 6, 2022, the state appellate court remanded the matter to the San Joaquin Superior Court for consideration of a resentencing hearing.  The June 6, 2022 order by the state appellate court also states, "The superior court may follow the procedure set forth in People v. Romero (1995) 8 Cal.4th 728, 740 fn.7, if the parties agree that petitioner's remaining claims will become moot if petitioner receives a new sentencing hearing."

Based on the June 6, 2022 order by the California Court of Appeal, it appears that petitioner may have obtained some of the relief sought in the pending state court petitions and may no longer be pursuing several of the unexhausted claims discussed in the federal petition.  In

the renewed motion to stay and amended petition, petitioner shall clarify which claims he intends to pursue in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay (ECF No. 4) is denied without prejudice;
2. Petitioner is granted thirty days from the date of this order to file a renewed motion to stay and an amended petition raising his exhausted and unexhausted claims;
3. The Clerk of the Court is directed to send petitioner the form for a habeas corpus petition pursuant to 28 U.S.C.§ 2254.

Dated: August 2, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Abila264.ord(3)